**SO ORDERED.**

**SIGNED this 23 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

JAMES EARL BURNETTE and
MAXINE NIXON BURNETTE,

      Debtors.    Case No. 09-00699-8-JRL
                                                   Chapter 13
_____

**ORDER**

Before the court is the debtors' motion to extend the automatic stay. The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 30, 2009. The debtors filed a previous Chapter 13 case that was dismissed by this court on December 5, 2008 for failure to make plan payments. On February 28, 2009, the debtors filed a motion to extend the automatic stay. No responses to the debtors' motion were filed.

Because the debtors had a previous case pending within one year prior to filing this case, the debtors are subject to 11 U.S.C. § 362(c)(3)(A), which states that the automatic stay will terminate 30 days after filing. However, 11 U.S.C. § 362(c)(3)(B) allows for an extension of the stay beyond the 30-day period if the following four requirements are met: "(1) a motion is filed; (2) there is notice and a hearing; (3) the notice and hearing are completed before the expiration of the original 30-day period; and (4) the debtor proves that the filing of the new case 'is in good

faith as to the creditors to be stayed.' " In re Havner, 336 B.R. 98, 102 (Bankr. M.D.N.C. 2006). In the case at bar, the debtors filed a motion to extend the automatic stay and notice was given to creditors. However, the debtors filed their motion just two days before the end of the 30-day period and the deadline expired without a hearing. As a result, the debtors cannot satisfy 11 U.S.C. § 362(c)(3)(B) and are not entitled to an extension of the automatic stay.

Based on the foregoing, the debtors' motion to extend the automatic stay is DENIED.

"END OF DOCUMENT"