**SO ORDERED.**

**SIGNED this 02 day of April, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

JAMES EARL BURNETTE and
MAXINE NIXON BURNETTE,

    Debtors.     Case No. 09-00699-8-JRL
                                  Chapter 13
_____

**ORDER**

Before the court is the debtors' motion to reconsider the order denying extension of the automatic stay. For the reasons that follow, the motion to reconsider is denied.

The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 30, 2009. The debtors had a previous case under Chapter 13 pending within the preceding one-year period that was dismissed by this court on December 5, 2008. On February 28, 2009, the debtors filed a motion to extend the automatic stay ("Motion to Extend"). No responses to the Motion to Extend were filed. On March 23, 2009, the court entered an order denying the Motion to Extend for failure to satisfy § 362(c)(3) of the Bankruptcy Code. The debtors' motion to reconsider followed.

A motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. FED.

R. BANKR. P. 9023(e). The bankruptcy court will deny a motion to reconsider unless the movant shows such relief is necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." In re Morris, 365 B.R. 613, 617 (Bankr. E.D. Va. 2007) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)). Reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999). The debtors do not rely upon any change in law or new evidence previously unavailable to the court; thus, the court will review its judgment to determine whether it was founded on a clear error of law or resulted in manifest injustice.

Section 362(a) of the Bankruptcy Code provides that an automatic stay goes into effect immediately upon the filing of a bankruptcy petition and prohibits all entities from litigation, lien enforcement, and other attempts to enforce or collect prepetition claims. 11 U.S.C. § 362(a); see 3 Collier on Bankruptcy ¶ 362.01 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. Rev. 2007). As for the duration of the automatic stay, § 362(c)(3) provides that if a debtor had a case pending within the preceding year and that case was dismissed,

> "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."

11 U.S.C. § 362(c)(3)(A). However, if a party in interest moves for continuation of the stay beyond the 30-day period, "the court may extend the stay as to any or all creditors . . . *after notice and a hearing completed before the expiration of the 30-day period . . . .*" Id. §

362(c)(3)(B) (emphasis added). In the case at bar, the court dismissed a previous case of the debtors pending during the prior year; therefore, the automatic stay will terminate under § 362(c)(3)(A) unless the court extends the stay after notice and a hearing within 30 days of the petition date. Because the debtors failed to obtain a hearing prior to expiration of the 30-day deadline, the court denied their Motion to Extend.

Other bankruptcy courts interpreting § 362(c)(3) have held that a failure to provide adequate notice or complete a hearing within 30 days of the petition date results in termination of the automatic stay. See, e.g., In re Ajaka, 370 B.R. 426, 428 (Bankr. N.D. Ga. 2007) (debtor was not entitled to relief under § 362(c)(3) when the debtor failed to obtain a hearing on the motion within the applicable 30-day period); In re Tubman, 364 B.R. 574 (Bankr. D. Md. 2007) ("Once the stay expires by operation of section § 362(c)(3)(A), the stay cannot be re-imposed under section 362(c)(3)(B) as if it had not been terminated."); In re Norman, 346 B.R. 181 (Bankr. N.D. W. Va. 2006) ("[F]iling a motion to extend the automatic stay on the 28th day after the petition date provides an insufficient amount of time for notice and a hearing that is to be completed by the 30th day after the petition date."). In this case, the debtors waited to file their Motion to Extend until the 28th day following the petition date. In addition, the motion was filed on a Saturday while the deadline for completing a hearing expired the following Monday. The court finds that the Motion to Extend, filed just two days prior to the deadline for notice and a hearing, failed to provide adequate notice to creditors or sufficient time to complete a hearing before the expiration of the 30-day period provided in § 362(c)(3)(B).

The court notes that the automatic stay is not terminated in its entirety. Although § 362(c)(3) provides for the termination of stay, its effect is limited in application to actions taken

3

against the debtor and against property of the debtor.  In re Jones, 339 B.R. 360, 365 (Bankr. E.D.N.C. 2006).  As this court has previously held, termination of the automatic stay under § 362(c)(3) does not apply to actions taken against property of the estate.  Id. ("It is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate.").  See also In re Johnson, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006) ("[T]he plain language of § 362(c)(3)(A) dictates that the 30-day time limit only applies to 'debts' or 'property of the debtor' and not to 'property of the estate.'").  Thus, the automatic stay remains in effect as to property of the estate, as defined by §§ 541 and 1306.

Based on the foregoing, the debtors' motion to reconsider the order denying their motion to extend the automatic stay is DENIED.

"END OF DOCUMENT"